UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>  Plaintiff,<br><br>          v.<br><br>VIP HEALTHCARE SOLUTIONS, INC.,<br>  Defendant. | CRIM. NO. 23-0058 (RAM) |

**OBJECTION TO RESTITUTION ORDER
AND MOTION IN SUPPORT OF A MINIMAL FINE**

**TO THE HONORABLE COURT:**

COMES NOW the Defendant, VIP HEALTHCARE SOLUTIONS, INC., through the undersigned counsel, and respectfully states and prays:

1. VIP Healthcare Solutions, Inc. ("VIP") pleaded guilty to count 46 and admitted to have made false statements to a federally insured institution, including that Carla Carrillo owned 85% of its stocks. The statements were made in an application for a Small Business Administration guaranteed loan known as "Paycheck Protection Program" ("PPP"). The loan was to be used for payroll and other authorized business expenses and its repayment could be forgiven if used as directed. The Small Business Administration relieved VIP from repaying the loan after determining that the loan was used as directed.

2. The presentence investigation report suggests that restitution to the Small Business Administration should be ordered in the total amount of the loan; that is: $249,755.35. Dkt. 93, page 22, ¶ 85. VIP disagrees. The Small Business Administration

had no loss attributable to VIP's conduct. It suffered no actual loss as a result of the admitted offense.

3. Pursuant to 18 U.S.C. § 3663(a)(1)(B)(i)(I) of the Victim and Witness Protection Act of 1982 ("VWPA"), restitution is authorized for "the amount of the loss sustained by each victim as a result of the offense." The fact that false statements could have been included in the loan application does not necessarily mean that the PPP loan would have not been approved otherwise. These statements could have been material but nonetheless if the correct information would have been given the loan could have been approved regardless. The government has not carried its burden to show that restitution should be ordered nor that restitution is warranted on this record. The fact that the Small Business Administration determined that the funds were properly used and relieved VIP from paying the loan weighs against restitution as well since no finding of "loss" is supported. See *United States v. Diamond*, 969 F.2d 961, 966 (10th Cir. 1992)(reversing a restitution order based on that the defendant pleaded guilty to making false statements to the Small Business Administration in obtaining loans because the record did not support concluding that that entity "lost *any* money or suffered *any* detriment as a result of […] [defendant's] false reports.")

4. The Small Business Administration's website informs that the following entities affected by COVID-19 may have been eligible for a PPP loan:

    a. Sole proprietors, independent contractors, and self-employed persons
    b. Any small business concern that meets SBA's size standards (either the industry size standard or the alternative size standard)

      c. Any business, 501(c)(3) non-profit organization, 501(c)(19) veterans organization, or tribal business concern (sec. 31(b)(2)(C) of the Small Business Act) with the greater of:

      d. 500 employees, or

      e. That meets the SBA industry size standard if more than 500

      f. Any business with a NAICS code that begins with 72 (Accommodations and Food Services) that has more than one physical location and employs less than 500 per location

https://www.sba.gov/funding-programs/loans/covid-19-relief-options/paycheck-protection-program/first-draw-ppp-loan#id-loan-details (visited 1/8/2024).

    5.    None of the listed requirements are related to the false statement admitted in this case. As such, the loan could have been approved and the payment forgiven regardless of the admitted misconduct.

    6.    The PPP loan application specifically listed the reasons that certainly caused the loan to be denied and none of them were related to the false statement admitted in this case. It read:



**Paycheck Protection Program**
**Borrower Application Form Revised March 18, 2021**

*If questions (1), (2), (5), or (6) are answered "Yes," the loan will not be approved.*

| Question | Yes | No |
|---|---|---|
| 1. Is the Applicant or any owner of the Applicant presently suspended, debarred, proposed for debarment, declared ineligible, voluntarily excluded from participation in this transaction by any Federal department or agency, or presently involved in any bankruptcy? | ☐ | ☐ |
| 2. Has the Applicant, any owner of the Applicant, or any business owned or controlled by any of them, ever obtained a direct or guaranteed loan from SBA or any other Federal agency (other than a Federal student loan made or guaranteed through a program administered by the Department of Education) that is (a) currently delinquent, or (b) has defaulted in the last 7 years and caused a loss to the government? | ☐ | ☐ |
| 3. Is the Applicant or any owner of the Applicant an owner of any other business, or have common management (including a management agreement) with any other business? If yes, list all such businesses (including their TINs if available) and describe the relationship on a separate sheet identified as addendum A. | ☐ | ☐ |
| 4. Did the Applicant receive an SBA Economic Injury Disaster Loan between January 31, 2020 and April 3, 2020? If yes, provide details on a separate sheet identified as addendum B. | ☐ | ☐ |
| 5. Is the Applicant (if an individual) or any individual owning 20% or more of the equity of the Applicant presently incarcerated or, for any felony, presently subject to an indictment, criminal information, arraignment, or other means by which formal criminal charges are brought in any jurisdiction? <br> Initial here to confirm your response to question 5 → _____ | ☐ | ☐ |
| 6. Within the last 5 years, for any felony involving fraud, bribery, embezzlement, or a false statement in a loan application or an application for federal financial assistance, has the Applicant (if an individual) or any owner of the Applicant 1) been convicted; 2) pleaded guilty; 3) pleaded nolo contendere; or 4) commenced any form of parole or probation (including probation before judgment)? <br> Initial here to confirm your response to question 6 → _____ | ☐ | ☐ |
| 7. Is the United States the principal place of residence for all employees included in the Applicant's payroll calculation above? | ☐ | ☐ |
| 8. Is the Applicant a franchise? | ☐ | ☐ |
| 9. Is the franchise listed in SBA's Franchise Directory? If yes, enter SBA Franchise Identifier Code here: _____ | ☐ | ☐ |

https://www.sba.gov/document/sba-form-2483-ppp-first-draw-borrower-application-form (downloaded on 1/8/2024).

7. Moreover, the Small Business Administration, having significant recourses to do so, has not proceeded to collect any purported debt from VIP and has maintained its decision to forgive the loan as of this date also weighing against any finding of loss. In fact, no victim impact has been sent to the Probation Office. Dkt. 93, page 16, ¶ 43.

8. Considering the above, VIP also objects to the presentence investigation report calculation of the Guidelines. An enhancement of 10 levels was added based on the purported "loss." Dkt. 93, page 19, ¶ 66. No enhancement is warranted on this record.

9. VIP does agree with the finding in the presentence investigation report that, where no ability to pay exists, no fine should be imposed. Dkt. 93, page 19, ¶ 68. In this case, VIP ceased operation following the indictment in this case. Moreover, following the sentencing hearing, VIP will be dissolved. As of today, it has minimal assets and has an accumulated debt with the PR Treasury Department of more than $220,000 as reported in the presentence investigation report. The sum of VIP's minimal assets are far from enough to pay such income tax debt and has no ability to pay any fine. Because VIP is bound by the plea agreement to requests a fine, it requests a nominal fine of $200 considering its inability to pay.

**WHEREFORE**, defendant VIP HEALTHCARE SOLUTIONS, INC., prays this Honorable Court consider the above at sentencing.

**RESPECTFULLY SUBMITTED**.

At San Juan, Puerto Rico, on this 12th day of January, 2024.

      **I HEREBY CERTIFY** that on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

**KENDYS PIMENTEL-SOTO**
**LAW OFFICE LLC**
PO Box 270184
San Juan, PR 00927-0184
Tel.: (787) 370-0091

*s/ Kendys Pimentel-Soto*
**KENDYS PIMENTEL-SOTO**
USDC-PR 226704
*kendyspimentel@yahoo.com*
